Filed 5/18/15  P. v. Kinzie-Zinn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KODY MICHAEL KINZIE-ZINN,<br><br>    Defendant and Appellant. | F068058<br><br>(Kern Super. Ct. No. SF16492A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Kane, J., and Franson, J.

## INTRODUCTION

Appellant/defendant Kody Michael Kinzie-Zinn pleaded no contest to transporting an assault weapon and was placed on probation. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

Around 2:00 p.m. on December 24, 2011, Connie Lopez, a dispatcher with the Kern County Sheriff's Department, received a 911 call. The caller reported that he saw someone driving a vehicle on a highway, and that person was loading bullets into a magazine clip. Lopez transferred the call to the California Highway Patrol dispatcher, who obtained further information from the caller. However, Lopez stayed on the line and listened to the conversation to keep deputies advised of the situation.

According to Lopez, the caller identified himself as Alec Gillis and provided his cell phone number. Gillis said he saw a silver coupe with an Oregon license plate and provided that number. The driver was a white male with longish-brown hair and was the only occupant. Gillis said the car was traveling north on Interstate 5 and had passed Highway 119. Gillis initially said he saw a possible weapon in the car, and he saw the driver reaching for what he thought was a gun, but then said he only saw a clip. He did not see an actual gun. Lopez placed this information into the sheriff's department computer system for broadcast.[2]

Kern County Sheriff's Deputy Gary Crawford was on patrol and received the dispatch to be on the lookout for a subject traveling north on Highway 5 who was

---

[1] The following facts are primarily from the hearing on defendant's motion to suppress evidence.

[2] At the suppression hearing, the prosecution introduced the "events chronology" of the 911 call "to establish that this was not something made up by the officer or the dispatch."

2.

possibly loading a firearm. The dispatcher stated the driver, later identified as defendant, was a male with long hair, he was driving a gray Honda with an Oregon license plate, and gave the license plate number.

Deputy Crawford had been on patrol on Interstate 5 south of the subject's location. Crawford pulled to the off-ramp and watched the northbound lanes of the highway. He saw a grey vehicle with Oregon license plates, a single male occupant, and confirmed the license plate number matched the dispatch. He followed the car north on Interstate 5 and called for backup assistance because of officer safety concerns. Crawford did not observe a weapon or any vehicle code violations as he followed the car.

Deputy Crawford followed the Honda as it pulled into a rest stop near Highway 58 and parked. Crawford got out of his car, ordered several bystanders to move back, drew his rifle, and ordered the driver to raise his hands. Defendant complied with his orders. Crawford ordered him to get out of the car and lay on the ground, and defendant again complied.

The backup officers arrived, defendant was searched, and he said there were weapons in the car. The officers found a loaded Sig Sauer .40-caliber semiautomatic handgun under the driver's seat. In the trunk, they found a loaded Mossberg 12-gauge shotgun and a loaded Bushmaster XM-15 assault rifle. None of the weapons were registered.[3]

**Procedural History**

On October 10, 2012, an information was in the Superior Court of Kern County charging defendant with count I, manufacturing or transporting an assault weapon (Pen.

---

[3] Defendant subsequently told the probation officer that he was a licensed security guard in Oregon; he had just moved to California; he worked in Los Angeles; and he was driving back to Oregon for Christmas. He stated the weapons were legally purchased in Oregon, he was unloading a magazine from his work handgun when he was in the car, and he was "super bummed" that the same weapons were not legal in California.

Code, § 12280, subd. (a)(1)); [4] count II, possession of an assault weapon (§ 12280, subd. (b)); count III, carrying a concealed weapon in a vehicle (§ 12025, subd. (a)(1)); count IV, possession of a loaded firearm while not the registered owner (§ 25400, subd. (a)(6)); and count V, misdemeanor possession of not more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (b)).

On January 15, 2013, defendant filed a motion to suppress the evidence and argued Deputy Crawford lacked reasonable suspicion for the warrantless search and seizure (§ 1538.5). On May 7, 2013, the court heard and denied the motion, and held Crawford had a reasonable suspicion to detain and search defendant based on the specific information provided in the dispatch.

On July 2, 2013, defendant pleaded no contest to count I, transporting an assault weapon, pursuant to a negotiated disposition that defendant would be placed on probation with service of one year in jail; the remaining charges were dismissed.

On September 12, 2013, the court placed defendant on probation for three years pursuant to certain terms and conditions, ordered him to serve 180 days in jail, and suspended that term pending completion of 1,440 hours of community service.[5] On the same day, defendant filed a timely notice of appeal based on the denial of his suppression motion. He did not seek or obtain a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on March 3, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

---

[4] All further statutory citations are to the Penal Code unless otherwise indicated.

[5] As noted by defendant, he was charged in count I with violating section 12280, subdivision (a); that section was repealed and reenacted as section 30600, operative January 1, 2012. (Stats. 2010, ch. 711, § 6.)

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.